SUSAN McCALL, Tutrix, *v.* EDWARD HENDERSON and WM. C. DECAMP.

Action of redhibition may be prosecuted against an absent defendant by attachment, where the plaintiff alleges that she made a tender of the slaves, and demanded a rescission. In such a proceeding the defendant is properly represented by a curator *ad hoc*, and service of citation is regularly made by posting on the door of the court house.

*By the Court:* The third objection is, that the person signing the attachment bond was not authorized to sign the same. We agree with the defendants' counsel that the filing of a power of attorney under private signature, at the trial of the exception, is not proof of its existence at the suing out of the attachment, though it purports to bear the same date. But we find that the party signing the bond was examined as a witness. The objection and testimony seem to have been submitted to the jury, and we cannot say they erred in their conclusion.

Where a bill of sale of slaves is dated in this State, a party will not be permitted to show that the sale was made in another State, in order to ingraft on it the laws of that State.

Where a sale of slaves is made to a minor, without the intervention of the tutrix, or a family meeting, the tutrix may sue for the price paid, upon a mere tender of the slaves at any time, whether they were subject to redhibitory vices or not.

APPEAL from the District Court, Tenth District, Parish of Tensas, *Snyder*, J. *Farrar*, for plaintiff. *Montgomery*, for defendants and appellants.

MERRICK, C. J. This suit, which is an action of redhibition, was commenced by attachment. Various objections were made to the proceedings, which we will notice in the order presented by defendants' counsel.

1st. It is objected that this suit cannot be maintained, because the rescission of the sale of a slave is not a matter giving our courts jurisdiction over the absent owner, and nothing short of personal service, or the domicil of the party

McCall
*v.*
Henderson.

in the State, will sustain an action of this kind. The case of *Stephens* v. *Graves*, 9 An. 239, is cited as supporting this position. The case before us differs from the case cited in this : this suit is commenced by attachment, and a debtor of the defendant, who is cited as garnishee, admits that he owes defendant a sum of money which he has in his hands ; the case cited appears to have been commenced by a simple appointment of a curator *ad hoc ;* the plaintiff in this case, before bringing her action, alleges that she made a tender of the slaves, and demanded a rescission of the sale; in that case the curator *ad hoc* appears to have been appointed for the purpose of representing the defendant in the demand for a rescission, the preliminary steps as well as the final judgment. We are of the opinion that defendant was properly represented in this case by a curator *ad hoc*, and the service of the citation was regularly made by posting on the door of the court house.

2d. It is further contended, that the action cannot be maintained because the attachment can only be resorted to where there is a *debt*, and that in the redhibitory action there cannot be any debt due the vendee until the sale has been rescinded. This reasoning would have great force in a case where there had been no tender and demand for a rescission, but as already been stated, in this case it is alleged that such demand has been made, and the defendant had been put in default. Damages, therefore, in the nature of a debt *ex contractu*, were due the plaintiff. The rescission of the sale, formally pronounced by the court, would only be for the benefit of the defendant. He having been put in default, the slaves were at his risk. This view of the case disposes also of the objection to the affidavit.

3d. The Third objection is, that the person signing the attachment bond was not authorized to sign the same. We agree with defendants' counsel that the filing of a power of attorney under private signature, at the trial of the exception, is not proof of its existence at the suing out of the attachment, though it purports to bear the same date. But we find that the party signing the bond was examined as a witness. The objection and testimony seem to have been submitted to the jury, and we cannot say that they erred in their conclusion.

4th. The objection to the sufficiency of the sureties on the attachment bond was not made with the other formal objections contained in the exceptions. As the District Judge was not called upon to pass upon this exception, we shall not disturb the finding of the jury on the same as a part of the merits.

5th. The fifth objection is as to the ruling of the Judge refusing to receive parol proof to show that the slaves were sold in the State of Mississippi, and the price paid some time previous to the date of the act of sale, and that said slaves were sold with the express understanding that they were not to be removed to the swamps of Louisiana ; that the purchaser knew when he bought them that they were unsound, and that the contract was governed by the law of Mississippi. The ground of the refusal was, that the testimony would contradict the written bill of sale, and the Judge adds the further reason that *Edwin McCall* was no party to any of the transactions attempted to be proved.

The bill of sale, or receipt for the price in the nature of a bill of sale, bears date: "Tensas parish, La., February 18th, 1854." In it the defendant acknowledges to have received of *Edwin McCall*, the minor, eighteen hundred dollars, the price of the slaves, and binds himself to warrant said slaves to be sound in body and mind, and slaves for life. If it were conceded, as we infer from the bill of exceptions it was, that *Edwin McCall* was not a party to the

proceedings attempted to be proved, the ruling of the District Judge was un-
questionably right. The bill of sale bears date in Louisiana, and we do not
think the defendant should be permitted to show by parol that the sale was
made in another State in order to ingraft on it the laws of that State. The
sale having been made to the minor without the intervention of the tutrix, or a
family meeting, we do not see what would prevent a suit by the tutrix for the
price paid upon a mere tender of the slaves at any time, whether they were
subject to redhibitory vices or not.

We will remark in conclusion, that although the foregoing objections have
been urged with great ability in the brief filed by defendants' counsel, we are
not satisfied that any error has been committed to the prejudice of the defen-
dants. The finding of the jury will therefore remain undisturbed.

Plaintiff's counsel prays, in the answer to the appeal, that the judgment
should be so amended as to allow the defendant interest from the judicial de-
mand. We think the judgment should be amended in that particular.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
lower court be so amended as to allow the plaintiff interest at the rate of five
per cent. per annum on the sum of nineteen hundred dollars from the seventh
day of December, 1854, until paid, and it is further ordered that the judgment
so amended be affirmed with costs.